Nicholson, C. J.,
In refhsing a rehearing, said:
The petition for rehearing states two reasons for asking a reconsideration of. the opinion in the case:
1. Because the case of Huffaker v. Bowman, 4 Sneed, 94, was not brought to the attention of the Court in the argument.
2. Because complainant does not allege in her bill and prove that she was married to Paul Gregg at‘the time the deed of trust was executed by him.
It is true the case referred to was not brought to the attention of the Court. It is also true that that case was determined in 1856, and after the passage of the act of 1855-6, embodied in the Code as see. 2399. But it is no less true that the question as to the widow’s right to dower was not involved in the case of Huffaker v. Bowman. The question in that case was, whether the judgment lien oí a creditor would attach to the instantaneous seizin of his debtor in land which was conveyed by the purchaser at execution sale to the debtor to be by him conveyed to another redeeming creditor, in pursuance of a contract to that effect — the whole being one continuous transaction. By way of illustrating the position, that the vendor in such a transaction had only an instantaneous title, which was not reached by the judgment lien, Judge McKin *459 ney referred to and quoted the common law rule as to the widow’s dower. He quotes from Blackstone, book 2, p. 130, that “the seizin of the husband for a transitory instant only, where the same act which gives him the estate conveys it also out of him again, as where by a fine, land is granted to a man, and he immediately renders it back by the same fine, such a seizin will not entitle the widow to dower; for the land was merely in transitu, and never vested in the husband, the grant and the render being one continued act.” No controversy could arise as to the correctness of this rule, but Mr. Blackstone proceeds to qualify it by adding: “But if the land abides in him for the interval of but a single moment, it seems that the wife shall be endowed thereof.”
It is not denied that this is the well-settled rule, wherever the right of the widow is governed by the common law. Mr. Scribner closes his review of the doctrine as to instantaneous seizin, with this remark: “ The common law rule that instantaneous seizin, accompanied by a beneficial interest in the husband, is sufficient to confer dower, is very generally recognized in the United States.”
But the common law as to dower has been so changed by statute in Tennessee, that the widow is only entitled to dower in such real estate, legal or equitable, as the husband was seized and possessed of at the time of his death. The cases, therefore, in which the rule as to instantaneous seizin can arise, if indeed any such can arise, are necessarily very rare in our State. The husband having the right, by our *460 laws, to defeat the inchoate right of bis widow to dower by divesting himself of title by conveyance, the question as to her rights, by reason of an instantaneous seizin, was necessarily confined to the seizin at the time of his death.
It followed, that as the husband, by a conveyance either by mortgage or deed of trust, could divest himself of his seizin, he could thereby give his creditors secured by mortgage or deed of trust, priority over his widow’s dower right, and postpone her to her dower right in the surplus, by virtue of the statute giving her dower in equitable estates. It was because the law was so held in '5 Hum., 26, 'and 8 Hum., 710, that the Legislature in 1855-6 interposed and enacted that the widow should “be entitled to dower in lands mortgaged or conveyed in trust to pay debts, when the husband dies before foreclosure of the mortgage, or sale under the deed.” This act was carried into the Code at section 2399. The necessary legal effects of this enactment are, first, to abolish the common law rule which made the right of dower dependent on the fact of seizin as to lands conveyed by mortgage or deed of trust;' and second, to give the widow priority over the creditors so secured, if the husband dies before the mortgage is foreclosed or the land sold under the deed. It follows, that when a widow claims dower under this statute the question of the seizin of the husband at his death does not arise, and therefore the rule of the common law as to seizin has no application. Such a case must be determined alone by the construction of the statute. In the case at bar *461 we beld that the widow was entitled to dower by the ■necessary force and meaning of the statute, and we see no reason to doubt the correctness of our conclusion.
The other ground for rehearing is, that the pleadings and proof fail to show that complainant was the wife of Paul Gregg at the date of the deed of trust, on the 29th of May, 1862, and hence that she is not entitled to the benefit of sec. 2399 of the Code. This is a new point, not made in the answer nor in the former argument of the cause. It is now made under a misapprehension of the facts as presented by the pleadings. The bill alleges that Paul Gregg died in February, 1864, leaving two minor children; that he executed the deed of trust on the 29th of May, 1862, and that as widow she is entitled to dower. Jones, for whose benefit the deed of trust was executed, fails to answer, and there is a pro oonfesso as to him. Millington, the assignee of the notes secured in the trust deed, answers and admits that complainant is the widow of Paul Gregg as charged, but insists that his rights are superior to those of the widow.
The facts charged in the bill are not denied, but admitted, so far as they are alleged. If it be true that in February, 1864, when her husband died, complainant had two minor children by him, the inference is altogether probable that their marriage took place prior to May 29th, 1862. The case has been so treated until now, and we have no doubt as to the fact.
The petition for rehearing is dismissed.